UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In Re

**FRANK EDWARD EATON and
ADELA VASQUEZ EATON,**

**Debtors.**                                               Case No. 15-12439-tl3

## CREDITOR RREF'S OBJECTION TO PLAN and

## MOTION TO CONVERT BANKRUPTCY TO CHAPTER 7

RREF CB SBL II-NM, LLC ("RREF"), objects to the Debtors' proposed Plan (Doc. 18) (the "Plan") and moves the court pursuant to 11 U.S.C. §1307(c) for an order converting this case to Chapter 7 of Title 11. Grounds exists for conversion under 11 U.S.C. §1307(c)(3) because Debtors have not filed a confirmable Chapter 13 Plan. The Plan filed by Debtors on October 13, 2015 as Doc. 18 was late and is not confirmable because:

   a. The Plan was not proposed in good faith and therefore violates 11 U.S.C. §1325(a)(3).

   b. The Plan does not provide that allowed secured claims will retain their liens, does not provide that allowed secured claims will be paid the allowed amount of such claims, and does not provide that secured claims will be paid by regular periodic payments. Therefore the Plan violates 11 U.S.C. §1325(a)(5).

   c. The value of the property to be distributed under the Plan to each unsecured claim is less than the amount which would be paid on such claim if the estate of the Debtors were liquidated under Chapter 7 of Title 11 and therefore violates 11 U.S.C. §1325(a)(4).

Because the Debtor's late filed Plan does not meet the requirements of 11 U.S.C. §1325(a), RREF requests confirmation be denied and the case be converted to Chapter 7. RREF requests

conversion, and not dismissal, because conversion will be in the best interest of creditors. As grounds for this objection and motion, RREF states:

**The Plan was not filed in Good Faith**

1. Debtors Frank Edward Eaton and Adela Vasquez Eaton ("Debtors") are indebted to RREF pursuant to a Judgment entered on April 15, 2015 in the Third Judicial District Court, Dona Ana County, State of New Mexico, ("State Court") No. D-307-CV-2014-01877, in the amount of $783,040.58 bearing interest at 20% per annum (the "Judgment"). The Judgment was partially satisfied in the amount of a $38,000 successful credit bid at a foreclosure sale held June 2, 2015. The remainder of the Judgment remains unpaid.

2. During the time months surrounding the date the Judgment was entered, the Debtors sold over $66,108.83 of stocks and property and used the proceeds to buy annuities intending to hinder, delay or defraud RREF or other creditors from collecting money owed by Debtors to RREF and such creditors.

3. On April 10, 2015, after the State Court judge had ruled in favor of RREF on the motion for summary judgment, and just a few days before the Judgment was entered, the Debtors executed an Adjustable Rate Deed of Trust (Home Equity Conversion) (the "Reverse Mortgage") securing a reverse mortgage loan for a maximum principal amount of $521,250.00. The Debtors executed the Reverse Mortgage intending to hinder, delay or defraud RREF or other creditors from collecting money owed by Debtors to RREF and such creditors.

4. The State Court issued a Transcript of the Judgment on June 30, 2015 and it was recorded in the real property records of Dona Ana County on July 1, 2015 thereby creating a lien against the Debtor's property located at 4966 Modoc Trail, Las Cruces, NM 88011("Modoc Trail

Property") and also against any other real property owned by Debtors in Dona Ana County, New Mexico.

5. According to the Debtors' Schedule A, the Modoc Trail property is worth $347,500. The Debtors claim they owe $6,276.80 on the Reverse Mortgage (Schedule D) and claim an $120,000 homestead exemption. That leaves at least $221,223.20 of equity in the Modoc Trail Property available for payment of creditors.

6. The Debtors indicate they will seek to avoid RREF's lien against the property. While RREF disputes that its lien may be avoided, and would raise defenses in a properly filed adversary proceeding, even if RREF's claim were treated as unsecured, RREF's claim would total 89.22% of the unsecured claims.

7. The equity in the Modoc Trail Property plus the $66,108.83 of annuities improperly claimed as exempt, which would both be available in a chapter 7 liquidation, totals $287,332.03.

8. Although the Debtors have $287,332.03 which should be used to pay their creditors, in their Plan they propose to pay $220.00 per month for 58 months for a total payment of $12,760.00.

9. The Debtors' efforts to hinder and delay creditors and their proposal of a patently unconfirmable plan shows the Plan was not proposed in good faith.

**The Plan Violates 11 U.S.C. § 1325(a)(5)**

10. The requirements for treatment of secured claims under a Chapter 13 Plan are set forth in 11 U.S.C. § 1325(a)(5). In the absence of RREF's consent, that section requires that to be confirmed a plan must provide that allowed secured claimants will retain their liens, provide

that allowed secured claims will be paid the allowed amount of such claim, and provide that secured claims be paid by regular periodic payments. 11 U.S.C. § 1325(a)(5).

11. The Debtors' Plan completely fails in all respects to properly treat RREF's secured claim. The Plan does not provide that RREF will retain its lien, does not provide that RREF's claim will be paid the allowed amount of such claim, and does not provide that RREF's secured claim be paid by regular periodic payments. Therefore the Plan violates 11 U.S.C. §1325(a)(5).

### The Debtors Are Not Able to Confirm a Plan without Selling Modoc Trail Property

12. The Debtors' Statement of Current Monthly Income and Calculation of Commitment Period (Doc. 17) shows they have an average monthly income of $2,064.49. Their expenses total $3,775.00, leaving a monthly deficit of $903.04.

13. Since the Debtors are required to pay unsecured creditors $287,332.03, the Debtors lack of income means they will never be able to fund any Plan which allows them to retain possession of the Modoc Trails Property.

WHEREFORE, Creditor RREF CB SBL II-NM, LLC respectfully requests the court deny confirmation of the Plan and enter its order converting this case a Chapter 7 liquidation and for such other and further relief as the court deems appropriate.

Respectfully submitted,

SMIDT, REIST & KELEHER P.C.

By /s/ William R. Keleher
William R. Keleher, Esq.
4811-A Hardware Drive NE, Suite 4
Albuquerque, NM 87109

Page 4 of 5

Telephone: 505-830-2200
Facsimile: 505-830-4400
*Attorney for RREF CB SBL II-NM, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2015, that the foregoing was served on the Trustee and those parties and counsel that receive electronic notifications through the CMECF electronic notification system.

SMIDT, REIST & KELEHER P.C.

BY: _____
   William R. Keleher