UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

IN RE:
FRANK E. EATON
ADELA V. EATON,
        Debtors.                                                      No. 13-15-12439 TL

## CHAPTER 13 TRUSTEE'S OBJECTION
## TO CONFIRMATION OF DEBTORS' PLAN

       The Standing Chapter 13 Trustee, Kelley L. Skehen (trustee), hereby objects to the debtors' chapter 13 plan of repayment. In support of the objection, the trustee states as follows:

       1.       The debtors filed a voluntary petition under chapter 13 of the Bankruptcy Code on September 14, 2015.

       2.       The §341 meeting of creditors was held on November 17, 2015.

       3.       On or about October 13, 2015, the debtors filed their plan of repayment, proposing to make monthly payments of $220 for 58 months, the first payment to begin on October 15, 2015.

       4.       Debtors have failed to make any payments pursuant to their plan. The plan should not be confirmed unless and until payments are brought current.

       5.       Debtors' plan does not provide for plan payments by the debtors in an amount sufficient to pay creditors as necessary to satisfy the requirements of the Code, including without limitation the best interest of creditors test. Thus, debtors' plan is not feasible.

       6.       Debtors' plan objects to the figure set out in paragraph 7.1 of the plan as the amount necessary to satisfy the best interests of creditors test.

       7.       It appears that debtors' plan is proposed in bad faith and for purposes of delay. First, on the face of debtors' schedules, it does not appear that debtors are eligible to be chapter

13 debtors (unsecured and undersecured debt exceeds the unsecured debt limits).  Second, debtors are attempting to claim exemptions to which they are not entitled—claiming a homestead exemption in excess of the allowable exemptions and claiming an exemption in the amount of $215,000 under the personal property exemptions.  Third, upon information and belief, debtors may have engaged in improper exemption planning, converting non-exempt assets into an exempt asset shortly prior to the filing of this case. In addition, upon information and belief, debtors incurred a debt for a reverse mortgage shortly prior to the filing of this case in an attempt to hinder, delay or defraud creditors.

8. The trustee requests a copy of any and all banking account statements (checking, savings and other accounts) for any account in which either or both of the debtors or any business in which they have an interest have or had an interest for the period from January 1, 2015 to date.

9. The trustee requests a copy of any and all documentation related to each and every annuity in which they have or had an interest for the period from January 1, 2015 to date, showing the balance of each annuity and any contributions into each annuity during calendar year 2015.

10. Upon information and belief, debtors' counsel has failed to file the required Rule 2016 Disclosure Statement.

11. Debtors are self-employed and should be required to file operating reports and account for the filing of all required tax returns and reports and payment of all required taxes on a monthly basis.  Additionally, the trustee requests a copy of the following: evidence of debtors' business income and expenses for the past 12 months prior to filing to date, including income and expense statements, bank account statements, and profit and loss statements; all tax reports

and evidence of payment of taxes related to the business for the past 12 months prior to filing to date; proof of insurance; any required licenses; and list of inventory, accounts receivable, and equipment.

12. The trustee requests additional information and documentation concerning the debtor's business rebuilding antique tractors.

13. The trustee requests a copy of any market analysis and/or appraisal of debtors' real property done since September 1, 2014.

14. The trustee requests an itemization of each and every item of jewelry in which debtors have an interest and any and all valuations and/or appraisals of each item of jewelry, and any other documents setting out the value or cost of each item of jewelry.

15. The trustee requests a copy of any and all documentation showing distributions to debtors based upon the reverse mortgage taken in April 2015 and supporting the expenditure of any funds distributed to the debtors based upon the reverse mortgage since April 1, 2015.

16. Any order confirming the plan should provide for payment of attorney's fees only after court-approval of a fee application.

17. The chapter 13 trustee reserves the right to interpose additional objections upon the filing of any amendments to the debtors' plan, schedules and statement of affairs upon the debtors' providing the documentation requested above and upon the debtors' providing documentation verifying income and expenses and proof of insurance.

WHEREFORE, the chapter 13 trustee respectfully requests that the Court deny confirmation of the debtors' plan and for such other and further relief as the Court deems just and proper.

<pre>
                              KELLEY L. SKEHEN
                              STANDING CHAPTER 13 TRUSTEE
                              Electronically filed/Kelley L. Skehen/je
                              Kelley L. Skehen
                              625 Silver SW, Ste. 350
                              Albuquerque, NM  87102
                              (505) 243-1335 fax (505) 247-2709
                              orders@ch13nm.com
</pre>

I CERTIFY that the foregoing was electronically filed with the Court via the CM/ECF system. All attorneys and parties identified with the Court for electronic service on the record in this case were served by electronic service in accordance with the CM/ECF system on the date of filing. I certify that the foregoing was mailed by first class mail to the debtor(s) and the following parties, at the addresses listed below on November 20, 2015.

Frank E. Eaton
4966 Modoc Trail
Las Cruces, NM 88011

Adela V. Eaton
4966 Modoc Trail
Las Cruces, NM 88011

R. Trey Arvizu III Esq.
PO BOX 1479
Las Cruces, NM 88004


                              /S/JoAnne Encinias